CARLETON DRY GOODS CO. v. ROGERS.

(Circuit Court of Appeals, Fifth Circuit. January 20, 1903.)

No. 1,193.

</div>

**1. BANKRUPTCY—PREFERENCE—OFFSET—NEW CREDIT.**

Where a bankrupt purchased a stock of goods, for a part of which the seller was indebted to defendant, and defendant refused to accept the bankrupt as its debtor and release the seller until $1,000 had been paid on the seller's debt, whereupon the bankrupt paid such amount to defendant before bankruptcy, when the balance of the debt of the seller was charged against the bankrupt, the credit for the balance so given was not such as defendant was entitled to set off against a subsequent preference, under Bankr. Act, § 60, par. "c" [U. S. Comp. St. 1901, p. 3445] providing that, if a creditor is preferred, and afterwards extends to the debtor further credit, without security, for property which becomes a part of the debtor's estate, such new credit remaining unpaid may be set off against the amount which would otherwise be recoverable from him as a preference, since the property for which the credit was given was acquired by the bankrupt from his transferror, and not from defendant.

**2. SAME.**

The credit was also not available as a set-off for the reason that it was given in consideration of a payment on the debt of the bankrupt's transferror, and not for any property passing from defendant to the bankrupt.

Appeal from the District Court of the United States for the Western District of Texas.

James D. Williamson, for appellant.

Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. The case shows that four months prior to the adjudication in bankruptcy the appellant received a preference payment on account, and now claims to offset this preference payment by a credit of $781 thereafter extended to the bankrupt under the following circumstances: Six months prior to the adjudication in bankruptcy the bankrupt's firm bought a large stock of goods, inventoried at $8,547, from one B. F. Long, for which the firm agreed to pay the sum of $1,100 and assume the indebtedness of the said Long, including a large indebtedness to the appellant. The $1,100 was paid to Long at the time, and the bankrupt's firm took possession of the goods, and continued in possession of the same for about 30 days, when, having failed to pay for the stock of goods as agreed, and within 4 months preceding the bankruptcy, a new arrangement was made between the bankrupt's firm and Long, by which Long was permitted to take back about $3,200 worth of the goods, the bankrupt's firm to retain the balance on condition that it should assume the indebtedness due the Carleton Dry Goods Company,—a sum of about $1,781, then due. The appellant refused to take the assumption of the bankrupt's firm and release Long, or permit the stock of goods to be moved, until there should be first paid on the Long account the sum of $1,000, leaving $781 to be thereafter paid, as to which last-mentioned sum the bankrupt's firm would be accepted and Long released. At inter-

vals thereafter, and before the bankruptcy, the bankrupt's firm paid the sum of $1,000, and thereupon, on the books of the appellant, was charged the balance of $781, and it is this $781 which is claimed to be a credit for property received, extended without security.

The appellant's demand for offset against the preference admitted to have been received is claimed under paragraph "c," § 60, of the bankrupt law of 1898 [U. S. Comp. St. 1901, p. 3445], and we concur with the district judge in refusing the demand, because the property was acquired by the bankrupt's firm from Long, and not from the appellant, and before the preference was given to appellant; and, even if this were not so, the credit given by appellant to the bankrupt's firm in accepting the bankrupt's firm instead of Long as a debtor was in consideration of $1,000 paid on Long's debt, and not for any property passing from appellant to the bankrupt's firm.

The decree appealed from is affirmed.